UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RONALD HARDING,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    CV-04-158-B-W |
| CIANBRO CORPORATION,<br>    Defendant. | )<br>)<br>) |

**ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT MARGARET C. ROBINSON**

On September 2, 2005, Cianbro Corporation (Cianbro) moved in limine to exclude the expert testimony of Ronald Harding's proposed expert Margaret Robinson. *Def.'s Mot. in Limine to Exclude Testimony of Pl.'s Proposed Expert Margaret C. Robinson* (Docket # 37)(*Def.'s Mot.*).. Mr. Harding objects. *Pl.'s Response to Def.'s Mot. in Limine to Exclude Testimony of Pl.'s Proposed Expert Margaret C. Robinson* (Docket # 45)(*Pl.'s Resp.*). Cianbro does not contest Ms. Robinson's qualifications as a labor market specialist, but does contend that her proposed testimony fails to meet the standards for expert testimony under Rule 702 of the Federal Rules of Evidence as explained in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and its progeny. Cianbro argues that "Ms. Robinson's testimony… is not 'based on sufficient facts or data,' is not a 'product of reliable principles and methods,' and will not 'assist the trier of fact'". *Def.'s Mot.* at 3. More specifically, it asserts that Ms. Robinson's methodology fails to comport with *Daubert* standards, because Mr. Harding has failed to demonstrate she arrived at her conclusions "in a scientifically sound and methodologically reliable fashion." *Def.'s Mot.* at 2, 5 (citing *Stevenson v. MacQuinn, Inc.,* No. 03-109-B-S, 2004 WL 384900, *2 (D. Me. Feb. 26, 2004)(*quoting Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.,* 161 F.3d 77, 85 (1st Cir. 1998)). Cianbro attacks the foundational bases for Ms. Robinson's

opinions on the availability of non-unionized employment, the steadiness of any employment Mr. Harding might obtain, and whether he could physically perform work as a journeyman electrician or foreman.

This Court has reviewed the submitted materials and concludes that Cianbro's objections to Ms. Robinson's proposed testimony go not to admissibility, but to weight.  The proffered testimony satisfies *Daubert* gate-keeping standards and to the extent Cianbro has made justifiable criticisms of Ms. Robinson's science, methodology, and foundation, it is free to explore those issues on cross-examination.  Its objections do not, however, justify wholesale exclusion.

This Court DENIES Defendant Cianbro Corporation's Motion in Limine to Exclude the Testimony of Plaintiff's Proposed Expert Margaret C. Robinson (Docket No. 37).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2005